Barnett Garber and Gertrude Garber v. Commissioner.
Garber v. Commissioner
Docket No. 5522-63.
United States Tax Court
T.C. Memo 1965-194; 1965 Tax Ct. Memo LEXIS 135; 24 T.C.M. (CCH) 999; T.C.M. (RIA) 65194; July 19, 1965
Barnett Garber, pro se, 1122 Ocean Ave., Brooklyn, N. Y. Eugene L. Wilpon, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in petitioners' *136 income tax for the year 1961 in the amount of $359.99. The issue before this Court is whether petitioners are entitled to deduct $1,200 as a bad debt under the provisions of section 166 of the Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated at the trial. The stipulated facts and all exhibits identified therein are incorporated herein by reference. Barnett Garber (hereinafter sometimes referred to as petitioner) and Gertrude Garber filed their joint Federal income tax return for the taxable year 1961 on the cash basis with the district director of internal revenue, Brooklyn, New York. Petitioner is a teacher of industrial arts. On October 4, 1954, petitioner issued a savings bank check in the amount of $2,000 to his brother, Peter Garber (hereinafter referred to as PG). PG was the sole shareholder of a corporation (hereinafter referred to as the corporation) which was incorporated on October 28, 1954, in the State of Massachusetts. The corporation was engaged in the retail grocery and meat business. The proceeds of the check made out to PG by petitioner were used to begin the corporation's business operations. *137 The ledger of the corporation reflects that on November 1, 1954, there was entered in the corporation's journal records a loan payable to Barnett Garber in the amount of $2,000. Petitioner received over a period of five years checks from the corporation totaling $800 as partial repayment of the $2,000 loan. The corporation's books reflect that as of February 1959 there was a balance payable to petitioner in the amount of $1,200. The corporation ceased conducting business and dissolved in 1961. At that time it had no assets. The balance of the loan was never returned to petitioner. Petitioners claimed as a bad debt deduction in their Federal income tax return for the year 1961 the $1,200 unpaid balance of the loan. Respondent disallowed this deduction on the grounds that such item does not fall within the provisions of section 166 of the Internal Revenue Code of 1954. Ultimate Finding of Fact Petitioner, Barnett Garber, made a loan of $2,000 to the corporation which was dissolved in 1961. Opinion The issue before this Court is whether a loan made by petitioner in 1954 is deductible as either a business or nonbusiness bad debt for the taxable *138 year 1961, under the provisions of section 166 of the Internal Revenue Code of 1954. [1]
*139 Respondent takes the position that petitioner made a personal loan to his brother, PG, which he never attemped to collect. Respondent argues such loan is still collectible and, therefore, not deductible under section 166 as a bad debt. Petitioner contends that the loan in question was not made to PG, but was intended to be, and was, in fact, made to the corporation. Whether the debt in the instant case is a deductible bad debt is a question of fact and depends upon whether the loan was, in reality, made to PG or to the corporation. Respondent concedes that if the $2,000 advance made by petitioner in 1954 was a loan to the corporation, the debt became worthless in 1961 and constituted a bad debt within the meaning of section 166. Respondent places undue weight upon the fact that the initial transmission of loan proceeds was effectuated by means of a check drawn to the order of PG. However, we are persuaded that this procedure was dictated (1) by delay in the incorporation process and (2) by immediate needs for cash in order for PG to begin the future corporation's business operations. We are convinced that, at all times, petitioner intended to loan the money to the corporation. *140 As soon as the corporation came into existence, its books and records clearly reflected that the loan constituted a corporate liability. Moreover, petitioner intended to be and was, in fact, partially repaid by the corporation alone. We therefore hold that the loan in issue was a bona fide loan made by petitioner to the corporation and, consequently, to the extent of $1,200, became a bad debt within the meaning of section 166 in 1961. There remains for determination the question whether the debt was a business or nonbusiness debt. If a business debt, section 166(a)(1) applies. If a nonbusiness debt, section 166(d) applies. The debt was not "created * * * in connection with" or "incurred in the taxpayer's trade or business," as those terms are used in section 166(d)(2). Petitioner was not in the business of lending money. Petitioner was a teacher of industrial arts. The loan here in question had no proximate relation to his profession. Therefore, we hold that the debt, totaling $1,200, was a nonbusiness bad debt. Dominick J. Salomone, 27 T.C. 663 (1957). Decision will be entered under Rule 50. Footnotes
1. SEC. 166. BAD DEBTS. (a) General Rule. - (1) Wholly Worthless Debts. There shall be allowed as a deduction any debt which becomes worthless within the taxable year. * * *
(b) Amount of Deduction. - For purposes of subsection (a), the basis for determining the amount of the deduction for any bad debt shall be the adjusted basis provided in section 1011 for determining the loss from the sale or other disposition of property. * * *
(d) Nonbusiness Debts. - (1) General Rule. - In the case of a taxpayer other than a corporation - (A) subsections (a) and (c) shall not apply to any nonbusiness debt; and (B) where any nonbusiness debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. (2) Nonbusiness Debt Defined. - For purposes of paragraph (1), the term "nonbusiness debt" means a debt other than - (A) a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or (B) a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. * * *↩